NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|   |   |
|---|---|
| NOVA CASUALTY COMPANY, : : Plaintiff, : v. : : COL-MOR APARTMENTS, INC., : : Defendant. : | **Civil Action No. 13-04496 (SRC)** **OPINION** |

**CHESLER**, District Judge

This matter comes before the Court on the Rule 12(b)(6) motion filed by Plaintiff Nova Casualty Company ("Plaintiff" or "Nova") to dismiss the bad faith Counterclaim asserted by Defendant COLMOR ("Defendant") in its Answer. [Docket Entry 15.] Defendant opposes the motion. [Docket Entry 21.] The Court will rule on the papers submitted, and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the foregoing reasons, the Court will grant Plaintiff's motion.

This lawsuit is an action for injunctive relief in which Plaintiff, a commercial insurance carrier, seeks rescission of a property and liability insurance policies issued by it to Defendant, a New Jersey partnership that owns and operates apartment complexes in the state.[1] Pursuant to

---

[1] The Court exercises jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff is a New York corporation with its principle place of business in Connecticut. (Compl. ¶ 1.) Defendant is a New Jersey general partnership. (See Answer at 1.) There is no dispute that the matter in controversy exceeds the statutory threshold.

the policies, but subject to a standard reservation of rights letter,[2] Plaintiff has been funding part of Defendant's defense costs in a state court action in which a group of tenants allege that Defendant "knowingly provided drinking water contaminated with uranium and radium" to them. (Compl. ¶ 12.) The crux of the instant lawsuit is that Defendant materially misrepresented its knowledge regarding this uranium contamination when Defendant applied for insurance coverage – in other words, Plaintiff alleges that Defendant knew full well one of its properties was radioactively contaminated, but told Plaintiff otherwise in order to secure coverage. According to the Complaint, this alleged misrepresentation provides Plaintiff the right to rescind its insurance agreements with Defendant or reform the agreements such that Plaintiff bears no obligation to defend or indemnify Defendant vis a vis the state court lawsuit.

Defendant's Answer asserts a bad faith counterclaim. According to Defendant, Plaintiff's decision to sue for rescission now, after providing for part of Defendant's defense in nearly two years of state court litigation, amounts to bad faith. Defendant alleges that "the relief sought by Plaintiff" – *i.e.*, rescission of the operative policies – would both "unreasonably interfere" with Defendant's ability to litigate the state court action and "prejudice" Defendant by "depriving it of its ability to direct its defense in the underlying [state court] litigation . . . ." (Answer ¶¶ 10, 13-14.) Plaintiff now moves to dismiss the Counterclaim, arguing that it is an improper and unsupported application of New Jersey law[3] that does not "state a claim for relief

---

[2] Plaintiff's reservation of rights provision states, in pertinent part, that Plaintiff (1) "reserves its rights to withdraw from the defense of [the state court lawsuit" pending a determination that the relevant policies do not cover the suit, and (2) "reserves the right to file a declaratory judgment action to obtain a ruling on" coverage issues. (Compl. Ex. E, at 11.) The reservation of rights letter is annexed to the Complaint as an exhibit, and thus may properly be considered on a motion to dismiss. See Pension Ben. Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

[3] The Court applies New Jersey law to this diversity action, see Lafferty v. St. Riel, 495 F.3d 72, 76 (3d Cir. 2007), and neither party argues otherwise.

that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)).

The Court agrees. It is readily apparent that Defendant's true complaint is not with any bad faith motive actuating Plaintiff's suit, but with the prospect of having its defense funds for the state court action dry up. Of course, if Plaintiff's allegations are true, and Defendant lied to Plaintiff in order to obtain liability coverage that it was otherwise not going to receive, Defendant was never entitled to those funds in the first place. Defendant's argument – that Plaintiff violated its rights by suing it for injunctive relief – is a position unmoored from both New Jersey law and common sense. Under Defendant's theory anytime an insurer, after providing a defense to an insured pursuant to an explicit reservation of rights, then seeks relief from an allegedly void insurance contract, the insurer's conduct would be actionable. This Court is confident that that New Jersey Supreme Court would not countenance such a cause of action, which would effectively deny an insurance company its due process rights to sue for a declaration rescinding an insurance agreement.

The New Jersey cases Defendant cites in opposition do not state otherwise. Defendant's principle authority, Griggs v. Bertram, 443 A.2d 163 (N.J. 1982), is a decision that Defendant itself acknowledges addresses circumstances where "insurance carriers can be estopped from disclaiming coverage . . . ." (Opp. Br. at 5 (quoting Griggs, 443 A.2d at 167).) Notably absent from Griggs or its progeny is any discussion of a bad faith cause of action; indeed, every case cited by Defendant save for one addresses the contours of an estoppel defense. See, e.g., Eisenstein v. MIIX Ins. Co., No. BER-L-8955-04, 2005 WL 1639385, at *8-9 (N.J. Sup. Ct. Law Div. July 13, 2005). Moreover, as Plaintiff correctly asserts the one bad faith case Defendant

does cite has no application to the instant action. See Pickett v. Lloyd's, 621 A.2d 445, 458 (N.J. 1993) (discussing bad faith liability in the context of an insurer's denial of first-party benefits or an insurer's delay in processing first-party claims). The Court is satisfied that a bad faith counterclaim of the type brought by Defendant is unprecedented in New Jersey law, and the authority Defendant relies upon makes the Court more confident in its conclusion.

In short, Defendant cannot state a counterclaim for relief based on the allegations presently before the Court, and its bad faith counterclaim is therefore dismissed. See Fed. R. Civ. P. 12(b)(6). The fact that Plaintiff waited two years to bring suit to rescind its insurance agreements, all while providing litigation funding to its insured, may be relevant to an estoppel defense. Without more, however, such conduct does not amount to bad faith under New Jersey law. An appropriate form of Order accompanies this Opinion.

    s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: January 9th, 2014